UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ROBINS, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Civil Action No. 4:23-cv-00404 |
| STATE BAR OF TEXAS, | § | |
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE, | § | |
| JOHN BRANNON, and | § | |
| THE HONORABLE RAQUEL WEST | § | |
| *Defendants.* | § | |

**DEFENDANTS, THE COMMISSION FOR LAWYER DISCIPLINE and JOHN BRANNON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

EXHIBIT 8

Case 4:23-cv-00404   Document 10-6   Filed on 03/13/23 in TXSD   Page 2 of 20

2/13/2023 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72705454
By: Kathy Givens
Filed: 2/13/2023 1:55 PM

CAUSE NO. 2018-46488

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE,<br>Petitioner, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| vs. | § <br> § | HARRIS COUNTY, TEXAS |
| RICHARD ANDERT ROBINS,<br>Respondent. | § <br> § | 61ST JUDICIAL DISTRICT |

## JUDGMENT OF DISBARMENT

### Parties and Appearance

On **February 6, 2023**, came to be heard the above styled and numbered cause. Petitioner, Commission for Lawyer Discipline, appeared by and through its attorney of record **JOHN S. BRANNON** and announced ready. Respondent, **RICHARD ANDERT ROBINS**, Texas Bar Number 00789589, appeared *pro se* and announced ready.

### Jurisdiction and Venue

On the **6th** day of **July 2018**, pursuant to Rule 3.02 of the Texas Rules of Disciplinary Procedure, the Supreme Court of Texas appointed the **Honorable Raquel West** to preside over this disciplinary action. The Court finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper.

The court impaneled and swore the jury, which heard the evidence and arguments of counsel. The court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit "A" and incorporated by reference. Petitioner moved for judgment on the verdict. The Court considered the motion and renders judgment for Petitioner.

## Professional Misconduct

After considering the verdict of the jury, testimony and documentary evidence, arguments of counsel, and applicable law, the Court finds and concludes:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the STATE BAR OF TEXAS. Respondent's principal place of practice is Houston, Harris County, Texas. Therefore, this Court has jurisdiction over the parties and subject matter of this case, and venue is appropriate in Harris County, Texas;

2. Respondent has committed professional misconduct as defined by Rule 1.06(W) of the TEXAS RULES OF DISCIPLINARY PROCEDURE; and

3. Respondent violated the following Texas Disciplinary Rules of Professional Conduct: **Rule 1.15(d)** - Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to surrender papers and property to which the client is entitled. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation; **Rule 3.01** - A lawyer shall not assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous; **Rule 3.02** - In the course of litigation, a lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter; **Rule 3.03(a)(2)** - A lawyer shall not knowingly: fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act; and **Rule 8.04(a)(3)** - A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## Sanction

The Court, having found that Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing evidence and argument and after having considered the factors in Rule 3.10 of the Texas Rules of Disciplinary Procedure, the Court finds that the appropriate sanction is **DISBARMENT**.

## Disbarment

It is therefore **ORDERED, ADJUDGED and DECREED** that effective as of the signing of this **Judgment**, Respondent, **RICHARD ANDERT ROBINS**, Texas Bar Number 00789589, is hereby **DISBARRED** from the practice of law in the State of Texas.

It is further **ORDERED** that Respondent is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

## Notification

It is further **ORDERED** that Respondent shall immediately notify each of his current clients in writing of this disbarment. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request. Respondent is further **ORDERED** to file with the State Bar of Texas, Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), within thirty (30) days of the signing of this judgment, an affidavit stating that all current clients have been notified of Respondent's disbarment and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

It is further **ORDERED** that Respondent shall, on or before thirty (30) days from the signing of this judgment, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent is further **ORDERED** to file with the State Bar of Texas, Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

## Surrender of License

It is further **ORDERED** that Respondent shall, within thirty (30) days of the signing of this judgment, surrender his law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of the State of Texas.

## Restitution, Attorney's Fees and Expenses

It is further **ORDERED** that Respondent shall **immediately relinquish Cashier's Check No. 2324223, dated January 27, 2017, payable to Cindy Crisp, in the amount of $6,893.21**, to the State Bar of Texas, Houston Disciplinary Office, 4801 Woodway Drive,

Suite 315-W, Houston, TX 77056, for forwarding to Austen Clinkenbeard for possible negotiation of the Cashier's Check.

It is further **ORDERED** that Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of **$21,548.50**. The payment shall be due and payable on or before **March 11, 2023**, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the State Bar of Texas, Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(Z) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

It is further **ORDERED** that this disbarment shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

## Conditions Precedent to Reinstatement

It is further **ORDERED** that the delivery of the Cashier's Check and payment of the foregoing attorney's fees and expenses amounts shall be a condition precedent to any consideration of reinstatement from disbarment as provided by Rules 2.19, 2.20 and 11.02(D) of the Texas Rules of Disciplinary Procedure.

## Other Relief

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward a certified copy of the current *Disciplinary Petition* on file in this case, along with a copy of this *Judgment* to the following: (1) CLERK OF THE SUPREME COURT OF TEXAS, Supreme Court Building, Austin, Texas 78711; (2) The STATE BAR OF TEXAS, Office of the Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487; and (3) Respondent, 2450 Louisiana St., Suite 400-155, Houston, Texas 77006-23280.

**IT IS ORDERED** that all costs of court incurred in the prosecution of this lawsuit shall be taxed against Respondent, for which the Clerk may have execution if they are not timely paid.

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this 13th day of February, 2023.

**HON. RAQUEL WEST**
**JUDGE PRESIDING**

FILED
Marilyn Burgess
District Clerk

FEB 08 2023

Time: _____
Harris County, Texas
By _____
Tiffany Jefferson

P-12

CAUSE NO. 2018-46488

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| Petitioner, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RICHARD ANDERT ROBINS, | § | |
| Respondent. | § | 61ST JUDICIAL DISTRICT |
| (State Bar Case No. 201706402) | | |

## COURT'S CHARGE TO THE JURY

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

EXHIBIT A

1

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure that your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

    The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of jury misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.[1]

## INSTRUCTION

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.[2]

1.15(d)

### QUESTION NO. 1

Do you find that upon termination of representation that Richard Andert Robins failed to take steps to the extent reasonably practicable to surrender papers and property to which Austen Clinkenbeard and/or Jon Clinkenbeard were entitled? [3]

Answer "Yes" or "No."

Answer: yes

You are instructed that, for the purpose of this question, the documents, papers, and other information received from a client or received or generated in the course of representing the client are the property of the client. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation.

5

3.01

## QUESTION NO. 2

Do you find that while representing Austen Clinkenbeard, Jon Clinkenbeard, or Cindy Crisp in the matter of *Cindy Crisp v. John Robert Sauls*, later amended to *Cindy Crisp (deceased), Austen Clinkenbeard (son) v. John Robert Sauls*, Cause No. 66097, in the County Court at Law No. 2 in Smith County, Texas, Richard Andert Robins asserted or controverted an issue in that proceeding in the absence of reasonable belief that the basis for doing so was not frivolous?[4]

Answer "Yes" or "No."

Answer: __Yes__

You are instructed that, for the purpose of this question, a filing or contention is frivolous if is it groundless, filed in bad faith, filed for an improper purpose or for harassment.

3.02

## QUESTION NO. 3

Do you find that while representing Austen Clinkenbeard, Jon Clinkenbeard, or Cindy Crisp in the matter of *Cindy Crisp v. John Robert Sauls,* later amended to *Cindy Crisp (deceased), Austen Clinkenbeard (son) v. John Robert Sauls,* Cause No. 66097, in the County Court at Law No. 2 in Smith County, Texas, Richard Andert Robins took a position that unreasonably increased the costs or other burdens of the case or that unreasonably delayed resolution of the matter?[5]

Answer "Yes" or "No."

Answer: _Yes_

7

3.03(a)(2)

## QUESTION NO. 4

Do you find that while representing Austen Clinkenbeard, Jon Clinkenbeard, or Cindy Crisp in the matter of *Cindy Crisp v. John Robert Sauls,* later amended to *Cindy Crisp (deceased), Austen Clinkenbeard (son) v. John Robert Sauls,* Cause No. 66097, in the County Court at Law No. 2 in Smith County, Texas, Richard Andert Robins failed to disclose a fact to a tribunal when disclosure was necessary to avoid assisting a criminal or fraudulent act?[6]

Answer "Yes" or "No."

Answer: __Yes__

You are instructed that, for the purpose of this question, an act is "fraudulent" if it has a purpose to deceive and not merely negligent misrepresentation or failure to apprise another of relevant information. You are further instructed that, for purposes of this question, "tribunal" includes such institutions as courts and administrative agencies when engaging in adjudicatory activities, as well as judges.

8.04(a)(3)

## QUESTION NO. 5

Do you find that Richard Andert Robins engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in connection with the matter in this disciplinary action?[7]

Answer "Yes" or "No."

Answer: _yes_

You are instructed that, for purpose of this question, "dishonesty" is defined as 'lack of honesty, probity, or integrity in principle' and 'lack of straightforwardness.'" *Brown v. Comm'n for Lawyer Discipline*, 980 S.W.2d 675, 682 (Tex. App. – San Antonio 1998, no pet.). You are further instructed that a "yes" answer to any of the four forms of misconduct results in a "yes" response to this question.

9

**Instructions for Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

   a. have the complete charge read aloud if it will be helpful to your deliberations;

   b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

   c. give written questions or comments to the bailiff who will give them to the judge;

   d. write down the answers you agree on;

   e. get the signatures for the verdict certificate; and

   f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.[8]

10

**Instructions for Signing the Verdict Certificate:**

1. You may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

    If 11 jurors agree on every answer, those 11 jurors sign the verdict.

    If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 or 11 of you who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.[9]

_____
HONORABLE RAQUEL WEST
Specially Assigned Judge

11

**VERDICT CERTIFICATE**

Check one:

✓ Our verdict is unanimous. All 12 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

_Melissa Peralto_ (signature)      _Melissa Peralto_
Signature of Presiding Juror      Printed Name of Presiding Juror

____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

____ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.[10]

Signature:                           Name Printed:

1. _____    1. _____

2. _____    2. _____

3. _____    3. _____

4. _____    4. _____

5. _____    5. _____

6. _____    6. _____

7. _____    7. _____

8. _____    8. _____

9. _____    9. _____

10. _____    10. _____

11. _____    11. _____

12

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Henckel on behalf of John Brannon
Bar No. 2895500
ahenckel@texasbar.com
Envelope ID: 72705454
Status as of 2/13/2023 2:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Richard Robins | 789589 | Rich@ConsumerRights.US | 2/13/2023 1:55:06 PM | SENT |
| John Brannon | | jbrannon@texasbar.com | 2/13/2023 1:55:06 PM | SENT |
| Richard Robins | | Rich@ConsumerRights.us | 2/13/2023 1:55:06 PM | SENT |